UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS B. BREWIN                                              CIVIL ACTION

VERSUS                                                            NO.  08-1334

ST. TAMMANY PARISH CORRECTIONAL                SECTION "I"(1)
CENTER, ET AL.

REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a

hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and

recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and §**

**1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**.  Upon review of the entire record,

the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I.      **Factual Summary**

Plaintiff, Thomas B. Brewin, is currently incarcerated in the South Louisiana Correctional

Center in Basile, Louisiana.  Plaintiff submitted this *pro se* and *in forma pauperis*[1] civil rights

complaint pursuant to Title 42 U.S.C. § 1983, against St. Tammany Parish Correctional Center,

LaSalle Correctional Center, J. B. Evans Correctional Center, South Louisiana Correctional Center,

---

[1]The Court directed the Clerk by separate Order to file this complaint without prepayment of a filing fee. However, the application for pauper status is deferred to the Western District of Louisiana for determination and collection pursuant to Title 28 U.S.C. § 1915.

and Ferriday Correctional Center[2] for the denial of appropriate medical care for his bleeding ulcers since February 2, 2007.  He claims that during this time he was incarcerated in each one of these prisons and that he has been denied proper medical treatment at each facility.  He requests injunctive relief.

## II.    **The General Venue Statute**

Title 42 U.S.C. § 1983 does not contain a specific venue provision.  Venue, however, is determined under Title 28 U.S.C. § 1391, also known as the General Venue Statute.  *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973).  The General Venue Statute at § 1391(b) provides that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in a judicial district where (1) **any defendant resides**, if all defendants reside in the same State, (2) a substantial part of the **events or omissions** giving rise to the claim **occurred**, or (3) **any defendant may be found**, if there is no district in which the action may otherwise be brought.

Pursuant to Title 28 U.S.C. § 1406(a) and § 1404(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice.  *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999).  Having reviewed the record, the Court finds that venue in the Eastern District of Louisiana is improper.

## III.    **Proper Venue**

Plaintiff is presently incarcerated in the South Louisiana Correctional Center in Basile, Louisiana.  He seeks medical care for bleeding ulcers.  He alleges a cause of action based on conditions  currently existing in the South Louisiana Correctional Center.  Only the facility where

---

[2] Plaintiff refers to the River Correctional Facility (formerly Concordia Parish Jail Facility Phase II) in Ferriday, Louisiana.

plaintiff is currently housed may provide the relief requested.  The South Louisiana Correctional Center is located in Basile, Louisiana, in Evangeline Parish, which is within the territory of the United States District Court for the Western District of Louisiana.  28 U.S.C. § 98(c).  Therefore, the Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the Western District of Louisiana for further consideration.

**IV.**    **Recommendation**

It is therefore **RECOMMENDED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 25th day of March, 2008.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**